# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §  **CASE NUMBER 6:23-CR-00041-JCB** |
| **v.** | § |
| | § |
| | § |
| **AUSTIN ALAN HALL** | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 2, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Austin Alan Hall. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Interstate Transmission of Extortionate Communication, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on total offense level of 20 and criminal history category of I, was 33 to 41 months. A motion for variance was file by Defendant, and on March 3, 2022, U.S. District Judge Elizabeth E. Foote of the Western District of Louisiana sentenced Defendant below the guideline range to 27 months imprisonment, followed by 2 years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, and placement in a halfway house following release for a period of 180 days.

On February 3, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On March 23, 2023, Defendant's term of supervised release was transferred to the Eastern District of Texas. On December 22, 2023, Defendant's conditions of supervised release were modified to include 120 days in a residential reentry center. On February 22, 2024, Defendant's conditions of supervised release were modified to include 90 days in the Salvation Army.

Under the terms of supervised release, Defendant was required to notify his probation officer at least 10 days before changing residences. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 5, 2023, when he moved out of his approved residence and failed to notify his probation officer at least 10 days before the move.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as detailed above, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised released; or (B) the court may extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 6 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Austin Alan Hall's plea of true be accepted and he be sentenced to 6 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Ft. Worth, Texas, if

available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 3rd day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE